ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
ANI AVETISYAN (State Bar. No. 266679)
ani@handslawgroup.com
LAURA STEVEN (State Bar. No. 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI &
SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028

Telephone: (888) 635-2250
Facsimile: (213) 402 - 2170

Attorneys for Plaintiff,
**ED HULL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ed Hull, <br><br>      Plaintiff, <br><br> v. <br><br> Central Plaza Prime Group, Inc., a California Corporation; and Does 1-10, <br><br>      Defendants. | Case No.: <br><br><br> **COMPLAINT FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* <br><br><br> <u>DEMAND FOR JURY TRIAL</u> |

**Most Americans will become disabled at some point in life.**

Plaintiff Ed Hull (hereinafter referred to as "Plaintiff,") complains of Central Plaza Prime Group, Inc., a California Corporation; and Does 1-10 (each, individually a "Defendant," and collectively "Defendants"), and alleges as follows:

## I.   PARTIES

1.      Ed Hull suffers from neuropathy caused by advanced diabetes. He has significant impairment in his lower body, causing pain and limited range of movement. Plaintiff is qualified as being disabled pursuant to 42 USC Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., and other statutory laws which protect the rights of "disabled persons". Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California. Plaintiff is a California resident with physical disabilities.

2.      Defendant Central Plaza Prime Group, Inc., a California Corporation owned the property ("Property") located at 1275 W Redondo Beach Blvd., Gardena, CA 90247, at all relevant times.

3.      There is a business establishment on the Property known as "Tacos Puebla" (hereinafter "business").

4.      DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names.

Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

5.     Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, represent partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

6.     Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants.

## II.     JURISDICTION & VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA").

8.     Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is

COMPLAINT

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

### III.   FACTS

10.    The Property owned by Defendants is a facility which is open to the public and is a business establishment.

11.    Plaintiff alleges that the Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration or failed to maintain accessible features in operable working condition.

12.    Plaintiff visited the Property during the relevant statutory period on four (4) separate occasions, in January 2020, February 2020 and September 2020 to patronize the business.

13.    Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons.

14.    Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property.

15.    Parking for patrons visiting the Property are among the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

16.    However, there is no accessible parking for disabled patrons. Not one

single space. The parking space designated for disabled persons does not comply with the Americans with Disabilities Act ("ADA").

17.    The parking area does not comply with the latest California Building Codes ("2010 CBC").

18.    Parking is one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

19.    When Plaintiff visited the Property, he experienced access barriers related to parking, signage, and paths of travel.

20.    Plaintiff encountered the following barriers at Defendant's Property:

**VIOLATION of 2010 California Building Code (CBC) § 1114B.1.2; 1991 ADA Standards for Accessible Design (ADAS) § 4.3.2(1).** (Exterior route of travel.) An accessible route of travel is not provided to all entrances and portions of the building, entrances and/or between the building and a public way.

21.    These inaccessible conditions denied Plaintiff full and equal access and caused difficulty, humiliation, and/or frustration.

22.    The barriers existed during each of Plaintiff's visits in 2020.

23.    Plaintiff alleges that Defendants knew that the foregoing architectural barriers prevented access. Plaintiff will prove that Defendants had actual knowledge

that the architectural barriers prevented access, and that the noncompliance with the ADA Accessibility Guidelines and Title 24 of the California Building Code was intentional.

24.  Plaintiff intends visit the Property again soon. Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

25.  Defendants have failed to maintain in working and useable conditions those features necessary to provide ready access to persons with disabilities.

26.  Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired customers. The removal of these barriers is readily achievable. The United States Department of Justice has determined that removal of these types of barriers is readily achievable to remove.

27.  Defendants refuse to remove these barriers.

28.  On information and belief, Plaintiff alleges that Defendants' failure to remove these barriers was intentional, because the barriers are logical and obvious. During all relevant times, Defendants had authority, control, and dominion over these conditions; thus, the absence of accessible facilities was not a mishap, but rather an intentional act.

29.  These barriers to access are described herein without prejudice to

Plaintiff citing additional barriers to access after further inspection by Plaintiff's access agents, pursuant to *Doran v 7-ELEVEN, Inc.,* 524 F3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them).

## IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, *et seq.*)

(Against All Defendants)

30.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

31.     Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation. U.S.C. § 12182(a).

32.     Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges, or accommodations of Defendant's facility during each visit and each incident of deterred visit.

33.     The acts and omissions of Defendants herein were/are in violation of Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq.*

34.      Pursuant to the ADA, discrimination is a "failure to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

35.     The ADA requires removal of architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv.) ("discrimination includes … a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, … where such removal is readily achievable"). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Barriers are defined by reference to the ADA Standards of Accessible Design ("ADAS"), found at 28 C.F.R., Part 36, including the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") at Part 36, Appendix A.

36.     If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if these methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

37.     Plaintiff alleges that Defendants can easily remove the architectural

barriers at their facility without much difficulty or expense, and that Defendants

violated the ADA by failing to remove those barriers because removal was readily

achievable. There are companies in the area which can repaint parking areas for as

little as $350. Defendants can afford such costs, which are a fraction of what

Defendants receive in rental profits for such a large and expensive property.

38.    Alternatively, if it was not "readily achievable" for Defendants to

remove barriers at their facilities, Defendants violated the ADA by failing to make

the required services available through alternative methods, which are readily

achievable.

39.    On information and belief, the facility was modified after January 26,

1992, mandating compliance access requirements under the ADA.

40.    The ADA requires that facilities altered in a manner that affects or

could affect their usability must be made readily accessible to individuals with

disabilities to the maximum extent feasible. 42 U.S.C. §12183(a)(2).

41.    Plaintiff alleges that Defendants altered the facilities at the Property in

a manner that violated the ADA, and/or failed to make the Property readily

accessible to physically disabled persons, including Plaintiff, to the maximum

extent feasible.

42.    The ADA also requires reasonable modifications in policies, practices,

or procedures, when such modifications are necessary to afford goods, services,

facilities, privileges, advantages, or accommodations to individuals with

disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

43.     Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property when these modifications were necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations.

44.     Plaintiff seeks a finding from this Court that Defendants violated the ADA, so that he may pursue damages under California's Unruh Civil Rights Act for Disable Persons Act.

45.     Here Defendants' failure to make sure that accessible facilities were available and ready to be used by the Plaintiff was/is a violation of law.

46.     Plaintiff would like to continue to frequent Defendants' property because it is close to his home. However, he is deterred from doing so because he has been discriminated against and is aware of accessibility barriers at the Property.

47.     Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with state and federal access laws, and remediation of all the existing access violations at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT

### (Cal. Civ. Code § 51-53.)

(Against All Defendants)

COMPLAINT

48.     Plaintiff repleads and incorporates by reference, as though fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

49.     California Civil Code § 51 states, in part: "All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

50.     California Civil Code § 51 also states, in part: "No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person."

51.     California Civil Code § 51(f) specifically incorporates, by reference, an individual's rights under the ADA, into the Unruh Civil Rights Act. ("Unruh Act").

52.     The Unruh Act also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the Unruh Act Cal. Civ. Code § 51(f); *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

53.     Defendants' above-mentioned acts and omissions have violated the Unruh Act by denying Plaintiff his rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's disability.

54.     Defendants' above-mentioned acts and omissions have also violated

the Unruh Act by denying Plaintiff his rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages. Cal. Civ. Code § 51(f), 52(a).

55.    Because violation of the Unruh Act resulted in difficulty, discomfort, and/or embarrassment for Plaintiff, the Defendants are each also responsible for statutory damages, such as a civil penalty. Cal. Civ. Code § 55.56(a)(c).

56.    Plaintiff was actually damaged.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

COMPLAINT

57.     Plaintiff was damaged by Defendants' wrongful conduct and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Person Acts.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205, and Cal. Civ. Code § 52.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

DATED: November 24, 2020          THE LAW OFFICE OF HAKIMI & SHAHRIARI


By:     /s/ Peter Shahriari, Esq.
        PETER SHAHRIARI, ESQ.
        Attorney for Plaintiff, Ed Hull